UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keisha Caldwell, | ) | CASE NO. 06 CV 921 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the following reasons, the motion is DENIED.

**FACTS**

On August 3, 2005, the grand jury returned a three count indictment against petitioner. Counts one and two charged petitioner with intent to distribute cocaine and possession with intent to distribute cocaine, respectively.  Count three charged petitioner with possession of a firearm during and in relation to a drug trafficking crime.

On October 4, 2005, pursuant to a written plea agreement, petitioner entered a guilty plea

1

to counts one and three.  In exchange, the government agreed to move for dismissal of count two.  Thereafter, on January 11, 2006, this Court sentenced petitioner to 27 months of imprisonment on count one to be run consecutively with a 60-month sentenced imposed on count three.

Petitioner's plea agreement contains a broad waiver of her appellate rights, including challenges brought pursuant to Section 2255.  Petitioner agreed not to challenge the sentence imposed by this Court unless the sentence exceeded either the statutory maximum or the maximum advisory guideline range.  In addition, petitioner retained the right to appeal or seek collateral review with regard to claims of ineffective assistance of counsel or prosecutorial misconduct.

Petitioner asserts three bases in support of the instant motion.  As ground one, petitioner argues that she provided substantial assistance to the U.S. Attorney's office, yet was not fairly given a reduction in sentence.  As ground two, petitioner alleges that she is entitled to relief because there was disparity in sentencing among her co-defendants.  She claims she should have received a further reduction.  With regard to ground three, petitioner claims that she has demonstrated genuine remorse.  In addition to these three bases, petitioner sent a letter to the Court requesting that she be permitted to add a claim for ineffective assistance of counsel because her attorney failed to present mitigating evidence.  The Court treated the letter as a motion, which the government did not oppose.  She also argues that she did not fully understand the consequences of her plea.

### **STANDARD OF REVIEW**

A federal prisoner may challenge a sentence if it "was imposed in violation of the

2

Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255. "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003).

**DISCUSSION**

In a plea agreement, any right, including constitutional rights, may be surrendered if the waiver was knowingly and voluntarily made. *United States v. Ashe*, 47 F.3d 770, 775 (6th Cir. 1995); *United States v. Mangie*, 29 Fed. Appx. 204, 206 (unreported)(6th Cir. 2002). This includes the waiver of appellate rights. *Id*. In *Mangie*, the district court judge asked the defendant if he understood the waiver of appeal clause and the defendant acknowledged he understood its implications. *Id*. The Sixth Circuit held that the defendant received the benefits of the plea agreement in exchange for the waiver of the right to appeal. *Id*.

In this case, petitioner signed a plea agreement providing the following,

<u>WAIVER OF APPEAL, DEFENSES, AND COLLATERAL ATTACK RIGHTS</u>

> 14. The defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the convictions or sentences in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the convictions or sentences collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly waives those rights except as reserved below. The defendant reserves the right to appeal: (1) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the criminal history category found applicable by the Court. Nothing in this paragraph shall bar the defendant from perfecting any legal remedies she may otherwise have on appeal or collateral

3

attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct.

Like the court in *Mangie*, this Court explained the implications of the plea agreement to petitioner during her change of plea hearing, including the fact that petitioner waived her appellate rights by entering into the agreement. The following exchange took place,

> Q: Ma'am, I have before me a document entitled plea agreement. And, ma'am, I'm turning to page 14. There is your name and a signature above your name....?
>
> A: Yes.
>
> Q: Do you read and write English?
>
> A: Yes.
>
> Q: Have you read this agreement?
>
> A: Yes.
>
> Q: Have you gone over it in detail with [your attorney?]
>
> A: Yes.
>
> Q: Is there anything in here you do not understand?
>
> A: No.
>
> Q: Do you believe it represents in its entirety the agreement you have with the Government?
>
> A: Yes.
>
> ***
>
> Q: Then, ma'am, paragraph 14 basically states that you are giving up your right to appeal your convictions and sentences in this case, and to challenge them collaterally through a post conviction proceeding [except as set forth in the plea agreement].... Do you understand all of that?
>
> A: Yes.

4

\*\*\*

Q: Are your pleas voluntarily made and of your own free will?

A: Yes.

Based on Petitioner's own testimony, she read the plea agreement and thus had knowledge that acceptance of the plea included a waiver of her appellate rights. This Court then reviewed the plea agreement with petitioner in detail, at which point she again acknowledged that she understood the ramifications of the plea. The Court finds that petitioner knowingly and voluntarily waived her appellate rights, including collateral attack of her sentence pursuant to Section 2255 with regard to the first three grounds for relief. Each of these issues, i.e., reduction for acceptance of responsibility, disparity of sentences among co-defendants and "remorse" do not fall within the express waiver exceptions set forth in the plea agreement. Accordingly, petitioner is not entitled to relief.

Petitioner also raises an ineffective assistance of counsel claim. This claim is not subject to the waiver provision in the plea agreement and, as such, the Court will address this issue on the merits. In support of her ineffective assistance of counsel claim, petitioner argues that she did not understand her plea and that her attorney failed to present mitigating evidence.

To succeed on an ineffective assistance of counsel claim, petitioner must show that counsel's representation fell below an objective standard of reasonableness, *McFarland v. Yukins*, 356 F.3d 688 (6th Cir.2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)), and that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

5

As set forth above, the plea colloquy indisputably demonstrates that petitioner was fully informed of the consequences of entering a guilty plea. Thus, even if his counsel's performance was somehow deficient in this regard, petitioner cannot demonstrate that she would not have pleaded guilty. Any argument that petitioner's attorney did not adequately inform her of the consequences of her plea is without merit.

In addition, the Court rejects petitioner's claim that her attorney was ineffective because he failed to present "mitigating" evidence. As the transcript from the sentencing hearing demonstrates, petitioner's counsel asked that the Court consider petitioner's age, involvement, and the "entirety" of the situation before determining an appropriate sentence. The plea agreement, however, precluded petitioner's counsel from requesting a sentence below the minimum advisory guideline range. Nonetheless, in light of all of the relevant factors, this Court granted a five level variance. Thus, the Court rejects plaintiff's claim that her counsel failed to present "mitigating" evidence.

For these reasons, there is no basis to grant petitioner's motion under § 2255. Furthermore, as discussed below, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue

or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, petitioner's claim that her guilty plea was invalid due to ineffective assistance of counsel has no merit. As such, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
      PATRICIA A. GAUGHAN  
      United States District Judge

Dated: 11/13/06